I write because appellants, in their brief, assert that statements made by Appellant Weeks during his investigation of a purported problem at Troy State University should properly be characterized as activity within the sphere of legitimate legislative activity, which is protected under Section 56 of the Alabama Constitution. Appellant Weeks was, at the times pertinent to this *Page 944 
case, a State Senator representing District 23.
Article IV, § 56, of the Alabama Constitution provides: "[F]or any speech or debate in either house [members of the legislature] shall not be questioned in any other place." Neither have we been directed to, nor have I been able to find, any decisions involving an interpretation of Art. IV, § 56. The United States Supreme Court, however, has interpreted a virtually identical provision contained in Art. I, § 6, of the United States Constitution. The Court in United States v.Brewster, 408 U.S. 501, 507, 92 S.Ct. 2531, 2535,33 L.Ed.2d 507 (1971), noted the import of the Speech or Debate Clause:
 "The immunities of the Speech or Debate Clause were not written into the Constitution simply for the personal or private benefit of Members of Congress, but to protect the integrity of the legislative process by insuring the independence of individual legislators."
Legislative immunity extends beyond mere statements made in the legislative chambers. In United States v. Brewster, supra, the court stated: "It is beyond doubt that the Speech or Debate Clause protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." 408 U.S. at 525, 92 S.Ct. at 2544. The Court in Brewster, however, rejected the broader test of coverage under the Speech or Debate Clause urged in that case, that the Clause protects from inquiry all conduct "related to the due functioning of the legislative process." United Statesv. Brewster, supra, 408 U.S. at 513, 92 S.Ct. at 2538. The Court, instead, observed:
 "It is well known, of course, that Members of the Congress engage in many activities other than the purely legislative activities protected by the Speech or Debate Clause. These include a wide range of legitimate `errands' performed for constituents, the making of appointments with Government agencies, assistance in securing Government contracts, preparing so-call `news letters' to constituents, news releases, and speeches delivered outside the Congress. The range of these related activities has grown over the years. They are performed in part because they have come to be expected by constituents, and because they are a means of developing continuing support for future elections. Although these are entirely legitimate activities, they are political in nature rather than legislative, in the sense that term has been used by the Court in prior cases. But it has never been seriously contended that these political matters, however appropriate, have the protection afforded by the Speech or Debate Clause. Careful examination of the decided cases reveals that the Court has regarded the protection as reaching only those things `generally done in a session of the House by one of its members in relation to the business before it,' Kilbourn v. Thompson, supra, [103 U.S. 168] at 204 [26 L.Ed. 377], or things `said or done by him, as a representative, in the exercise of the functions of that office,' Coffin v. Coffin, 4 Mass. 1, 27
(1808)."
408 U.S. at 512-13, 92 S.Ct. at 2537-38. The Court concluded that the Speech or Debate Clause protects only an act which is "clearly a part of the legislative process — the due functioning of the process." 408 U.S. at 516, 92 S.Ct. at 2539.
It appears to me that legitimate legislative inquiry, even outside debate on the legislative floor, would be privileged at least to the extent of a qualified privilege. See, Browning v.Birmingham News, 348 So.2d 455 (Ala. 1977). In Tenney v.Brandhove, 341 U.S. 367, 377-78, 71 S.Ct. 783, 788-89,95 L.Ed. 1019 (1951), the Supreme Court stated:
 "Investigations, whether by standing or special committees, are an established part of representative government. Legislative committees have been charged with losing sight of their duty of disinterestedness. In times of political passion, dishonest or vindictive motives are readily attributed to legislative conduct and as readily believed. Courts are not the *Page 945 
place for such controversies. Self-discipline and the voters must be the ultimate reliance for discouraging or correcting such abuses. The courts should not go beyond the narrow confines of determining that a committee's inquiry may fairly be deemed within its province. To find that a committee's investigation has exceeded the bounds of legislative power it must be obvious that there was a usurpation of functions exclusively vested in the Judiciary or the Executive."
In their brief, appellants refer us to the custom and practice whereby the legislators whose districts include colleges and universities are called upon by their fellow representatives for advice and information. Appellants state that reliance on local legislators is more common with smaller universities, such as Troy State, since legislative committees lack the funds and support staff to conduct investigations into the operations of these schools.
A question is presented as to whether Senator Weeks's actions were indeed legitimate legislative activities or were "political" activities which are not protected under the Speech or Debate Clause. Had this question been properly raised and presented to the trial court, that issue would be properly before this Court on appeal. A review of the pleadings and of the trial court's order, however, compels the conclusion that the issue of legislative immunity was not raised in the lower court. We, therefore, cannot consider appellant's argument on this point.
ALMON and SHORES, JJ., concur.